UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCBRIDE, ) | |
| ) | |
| Plaintiff, ) | **Case No.:** |
| ) | |
| v. ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| UNITED COLLECTION BUREAU, ) | |
| INC., ) | **(Unlawful Debt Collection Practices)** |
| ) | |
| Defendant ) | |
| ) | |

# **COMPLAINT**

JOHN MCBRIDE ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against UNITED COLLECTION BUREAU, INC. ("Defendant"):

## **INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania and therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Pittsburgh, Pennsylvania 15227.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a person granted a cause of action under the FDCPA. 15 U.S.C. §1692k(a); see also Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a corporation with its principal place of business located at 5620 Southwyck Boulevard, Suite 206, Toledo, Ohio 43614.

9. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

10. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. At all times material hereto, Defendant contacted Plaintiff in an attempt to collect an alleged consumer debt.

13. Plaintiff has never incurred any debts in connection with a business or commercial activity and, therefore, the alleged debt, if truly an obligation owed by Plaintiff, could have arisen only from a financial obligation for primarily personal, family, or household purposes.

14. Beginning in or around July 2014, and continuing through November 2014, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone number in its attempts to collect the alleged debt.

15. Defendant's calls originated from telephone numbers including, but not limited to, (866) 416-6130. The undersigned has confirmed that this number belongs to Defendant.

16. In the period stated above, Defendant persistently called Plaintiff on a regular basis.

17. Plaintiff knew it was Defendant calling because he received numerous automated calls, wherein Defendant identified itself as "UCB" and its telephone number appeared on Plaintiff's Caller I.D.

18. Further, Defendant failed to send written notification to Plaintiff, within five days of its initial communication with her, of her rights to dispute the debt and/or to request verification of the debt, as well as the name of the original creditor and the amount of the debt.

19. Defendant's actions, as described herein, were taken with the intent to annoy and harass Plaintiff.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

20. A debt collector violates section 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

21. A debt collector violates section 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

22. Defendant violated sections 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff's cellular telephone number with the intent to annoy, abuse, or harass Plaintiff.

## COUNT II
## **DEFENDANT VIOLATED § 1692f OF THE FDCPA**

23. A debt collector violates section 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

24. Defendant violated section 1692f of the FDCPA when it harassed Plaintiff by placing repeated calls to his cellular telephone; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

## COUNT III
## **DEFENDANT VIOLATED § 1692g(a) OF THE FDCPA**

25. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to

whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

26.   Defendant violated section 1692g(a) of the FDCPA when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising him of his rights to dispute the debt or request verification of the debt, as well as the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, JOHN MCBRIDE, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

d. Any other relief deemed fair and proper by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JOHN MCBRIDE, demands a jury trial in this case.

Respectfully submitted,

Dated: April 24, 2015        By: /s/ Craig Thor Kimmel
Craig Thor Kimmel, Esquire
PA. No. 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT